UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**ESTES EXPRESS LINE, INC.,**

          Plaintiff,

v.

**BANFIELD GROUP, LLC,**

          Defendant.

No. CV 09-498-MO

OPINION AND ORDER

**MOSMAN, J.,**

In May 2009, Plaintiff Estes Express Line, Inc. filed this breach of contract action against defendant Banfield Group, LLC.[1] On February 2, 2010, counsel for defendant moved to withdraw (#32). I granted defendant's motion on February 23, 2010, subject to the condition, suggested by defendant's counsel, that defendant be given thirty days to obtain new counsel and, if new counsel were not obtained, the Court would consider defendant to have abandoned these proceedings. (*See* Order (#34).) It has now been almost ninety days since the Court's order of February 23, 2010, but Banfield has not obtained new counsel or otherwise advised the Court of its efforts to obtain counsel. Accordingly, I find defendant has abandoned these proceedings, and

---

[1] The complaint alleges four claims: breach of contract, quantum meruit, breach of constructive, and unjust enrichment. (Am. Compl. (#10).) These claims each arise from the same alleged course of conduct—defendant's failure to pay plaintiff for motor freight transportation and delivery services performed by plaintiff pursuant to bills of lading. (*Id.*)

I GRANT IN PART Plaintiff's Motion for Default Judgment (#35). *See* Fed. R. Civ. P. 16(f) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order"); *see also* Fed R. Civ. P. 37(b)(2)(A)(v) (permitting dismissal of an action or proceeding in whole or in part).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)). Therefore, I take as true plaintiff's factual allegations, including the allegations that, "[d]uring 2007 and 2008, Banfield tendered numerous shipments of commercial goods to Estes for transportation in interstate commerce pursuant to bill of lading contracts"; "Estes transported and delivered each of the aforesaid shipments to their respective destinations without loss, damage, or delay"; "Estes has . . . invoiced Banfield for all amounts owed, and Banfield has accepted each of Estes' invoices and underlying paperwork without objection or protest"; and "[d]espite due demand, Banfield has failed and refused to pay Estes' original invoices." (Am. Compl. (#10) ¶¶ 6, 8, 11-12.) I find these allegations sufficient to prove that Estes and Banfield entered into several contracts under which Estes agreed to transport Banfield's shipments in return for payment, and Banfield breached this contract by failing to pay for services rendered.

Plaintiff has asserted damages of $201,498.90 in original unpaid freight charges and $260,207.74 in "discount removals" pursuant to Item 720 of Estes' Tariff EXLA 105-L. Because plaintiff's supporting affidavit did not describe these damages with sufficient particularity, the Court requested supplemental documentation. (Order (#36).) Plaintiff submitted over 400 pages

of documentation, which support its claim for $201,498.90 in unpaid freight charges. (*See* Supp. Filing (#37) Exs. A, B & C.) However, plaintiff's evidence shows only $49,430.84 in discounts that were applied and subject to removal.[2] (*See id.* at Exs. D, E, F, G, H, I, J.)

Accordingly, I GRANT IN PART Plaintiff's Motion for Default Judgment (#35), in the amount of $250,929.74. Defendant Banfield's Motion to Refer to the Surface Transportation Board and Stay Pending Referral (#20) is DENIED AS MOOT.

IT IS SO ORDERED.

DATED this  19th  day of May, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

---

[2] The discounts are not a uniform percentage of the total bill. For example, the $459.24 discount on page one of Exhibit D is 51.7% of the $888.84 total, but the $79.00 discount on page three of Exhibit D is 44.5% of the $177.61 total. At a hearing held on May 18, 2010, plaintiff's representatives were unable to explain how they calculated $260,207.74 in discount removals. Accordingly, the Court manually added the discounts from each of the 198 invoices contained in Exhibits D, E, F, G, H, I, and J, and arrived at a total of $49,430.84 in applied discounts.